1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BOSSCO TRADING, LLC, an corporation,

                     Plaintiff,

       v.

CORNEL TRADING (CANADA) CORP., a
Canada corporation; MAERSK LINE, a
Denmark corporation; and COSCO
CONTAINER LINES AMERICAS, INC., a
Delaware corporation,

                  Defendants.

CASE NO. C06-5648RJB

ORDER DENYING WITHOUT
PREJUDICE BOSSCO
TRADING, LLC'S COMBINED
MOTION TO STRIKE ANSWER
AND MOTION FOR DEFAULT
JUDGMENT AGAINST CORNEL
TRADING (CANADA) CORP.

      This matter comes before the Court on Bossco Trading, LLC's Combined Motion to
Strike Answer and Motion for Default Judgment Against Cornel Trading (Canada) Corp (Dkt. 34.
The Court has considered the pleadings filed in support of the motion and the remainder of the file
herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

      The facts, according to the amended complaint, are as follows: Bossco Trading, LLC
("Bossco") contracted with Cornel Trading (Canada) Corporation ("Cornel"), a Canadian
corporation doing business in Washington. Dkt. 9 at 2. Bossco contends that it shipped twenty-
five containers of goods to Japan and is owed payment from Cornel for those shipments. *Id.* at 4;

ORDER
Page 1

1  Dkt. 34 at 1. Cornel is the only remaining defendant in this matter. Dkt. 21; Dkt. 31.

2    No attorney has appeared on behalf of Cornel. Nathan S. Ganapathi, who professes to be

3  an agent for Cornel, filed a document entitled "Answer to Complaint" ("answer"). Dkt. 25. It is

4  unclear whether Mr. Ganapathi is an attorney, however it appears that Mr. Ganapathi is not

5  admitted to practice law in Washington State or before this Court. In any event, Mr. Ganapathi is

6  no longer acting on behalf of Cornel. Dkt. 35 at 3.

7    Bossco now moves to strike the "answer" filed by Mr. Ganapathi and for an order of

8  default against Cornel.[1]

9  **II. DISCUSSION**

10  **A. MOTION TO STRIKE ANSWER**

11    Federal Rule 12 governs motions to strike defenses:

12    Upon motion made by a party before responding to a pleading or, if no responsive
  pleading is permitted by these rules, upon motion made by a party within 20 days after the

13    service of the pleading upon the party or upon the court's own initiative at any time, the
  court may order stricken from any pleading any insufficient defense or any redundant,

14    immaterial, impertinent, or scandalous matter.

15  Fed. R. Civ. P. 12(f). This rule has been interpreted to permit courts to strike entire pleadings. *See*

16  *Culinary and Service Employees Union, AFL-CIO Local 555 v. Hawaii Employee Ben. Admin.,*

17  *Inc.*, 688 F.2d 1228, 1232 (9th Cir. 1982) ("The district court has authority under Rule 12(f) to

18  strike a pleading, in whole or in part . . . .").

19    In this case, Bossco moves to strike the "answer" filed by Mr. Ganapathi on behalf of

20  Cornel. Dkt. 34. The "answer" was filed on December 1, 2006, and served electronically on

21  December 8, 2006. Bossco's Motion to Strike is therefore untimely under Federal Rule 12(f).

22    Under Federal Rule 12(f), the Court may, upon its own initiative and at any time, "order

23  stricken from any pleading any insufficient defense or any redundant, immaterial, pertinent, or

24  scandalous matter." Fed. R. Civ. P. 12(f). The "answer" in this case contains one paragraph:

25  "Defendant Cornel Trading (Canada) Corporation denies each and every allegation contained in

26

27    [1] While Bossco's motion is labeled a "Motion for Default Judgment," the text of the motion and of the
proposed order demonstrate that Bossco seeks only an order of default under Fed. R. Civ. P. 55(a) and not a default

28  judgment under Fed. R. Civ. P. 55(b).

ORDER
Page 2

1   the Complaint and puts the Plaintiff to the strict proof thereof." Dkt. 25. While extremely brief

2   and unspecific, this "answer" should not be stricken on the grounds of insufficiency. *See* Fed. R.

3   Civ. P. 8(b) (permitting general denials); 10(b) (providing for defenses other than denials to be

4   presented in separate paragraphs to facilitate clear presentation).

5        Mr. Ganapathi's "answer" does not operate as such, however, because it was not properly

6   filed by the defendant or by an attorney licensed to practice before this Court and appearing on

7   behalf of the defendant. A corporation may appear in federal court only through a licensed

8   attorney. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194,

9   202 (1993); 28 U.S.C. 1654 ("In all courts of the United States the parties may plead and conduct

10  their own cases personally or by counsel as, by the rules of such courts, respectively, are

11  permitted to manage and conduct causes therein."). Mr. Ganapathi is not a defendant in this

12  matter and appears not to be an attorney licensed to practice law before this Court. Mr.

13  Ganapathi's "answer" therefore is not properly before this Court, either as a *pro se* pleading or as

14  a pleading on behalf of a corporation. While the "answer" will remain in the electronic file, it will

15  have no force or effect in the case.

16  **B. ENTRY OF DEFAULT**

17       The entry of default is governed by Federal Rule 55, which provides as follows: "When a

18  party against whom a judgment for affirmative relief is sought has failed to plead or otherwise

19  defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the

20  clerk shall enter the party's default." Fed. R. Civ. P. 55(a). Entry of default requires proof that the

21  defaulting party was served:

22       Upon motion by a party noted in accordance with CR 7(d)(1) and supported by affidavit
    or otherwise, the clerk shall enter the default of any party against whom a judgment for
23  affirmative relief is sought but who has failed to plead or otherwise defend. **The affidavit
    shall specifically show that the defaulting party was served in a manner authorized
24  by Fed. R. Civ. P. 4.** A motion for entry of default need not be served on the defaulting
    party. However, in the case of a defaulting party who has entered an appearance, the
25  moving party must give the defaulting party written notice of the requesting party's
    intention to move for the entry of default at least five judicial days prior to filing its motion
26  and must provide evidence that such notice has been given in the motion for entry of
    default.

27  Local Rule CR 55(a) (emphasis added).

28

1   The declarations accompanying the plaintiff's motion do not demonstrate that Cornel,

2   apparently a foreign corporation, was served in a manner authorized by Federal Rule 4. *See* Dkt.

3   35 (Declaration of Toni Y. Anders in Support of Default); Dkt. 36 (Declaration of Shelly Boshart

4   in Support of Replevin); Dkt. 20 (Declaration of Service); Fed. R. Civ. P. 4(h)(2), (f)(1). Without

5   such evidence, entry of default would be inappropriate. The Court should therefore deny the

6   motion without prejudice.

## III. ORDER

8   Therefore, it is hereby

9   **ORDERED** that Bossco Trading, LLC's Combined Motion to Strike Answer and Motion

10  for Default Judgment Against Cornel Trading (Canada) Corp (Dkt. 34) is **DENIED without**

11  **prejudice**. The "answer" (Dkt. 25) will remain in the file without force or effect.

12  The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel

13  of record and to any party appearing *pro se* at said party's last known address.

14  DATED this 12th day of June, 2007.

Robert J. Bryan
United States District Judge